# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SERGIO DIAZ, RUDY FALCON, and TERRENCE SPRIGGS | § § § § | |
| | § | CIVIL ACTION NO. 4:20-cv-3494 |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| SHELL CHEMICAL LP, | § § | |
| Defendants. | § § | |

## ORIGINAL COMPLAINT

Plaintiffs SERGIO DIAZ, RUDY FALCON, and TERRENCE SPRIGGS (collectively 'Plaintiffs"), by and through their attorneys, ELLWANGER LAW LLLP, brings this action for damages and other legal and equitable relief from Defendant, SHELL CHEMICAL LP ("Shell"), for violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*.; the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 et seq. ("§ 1981"), the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 et seq. ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.      Plaintiffs have all been long-standing and well-performing employees at Shell who have nevertheless been subjected to systematic racial discrimination that has degraded each of them and shut them off from career advancement because of their race. Shell has maintained a racially stratified workforce through the racially disparate use of disciplinary actions and shutting minority candidates out from promotional opportunities. Further, Shell management allowed supervisors to use openly racially discriminatory language, such as referring to Black employees

ORIGINAL COMPLAINT

as "monkeys," to continue unabated and maintain a hostile work environment of severe or pervasive harassment. Whenever any of the Plaintiffs reported the discrimination and harassment they experienced, nothing was done to remedy the problems and they each faced retaliation through further disciplinary actions and denials of promotional opportunities. Shell's acts of discrimination are in violation of Title VII of the Civil Rights Act of 1964, § 1981 of the Civil Rights Act of 1866, and the Texas Employment Discrimination Act, as well as any other cause(s) of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq*., as amended, and (iii) 42 U.S.C. §§ 1981 *et seq*., as amended.

3.      The Court's supplemental jurisdiction is invoked by 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Shell maintains offices, conducts business and resides in this district.

## PARTIES

**ORIGINAL COMPLAINT**

5.      Plaintiffs are persons who have been aggrieved by Defendant's actions. They are and have been, at all relevant times, citizens of the United States of America and are residents of Harris County, Texas.

6.      At all relevant times, Plaintiffs were Defendant's employees and therefore covered by Title VII, § 1981, and the TLC.

7.      Shell Chemical LP is a corporation with a registered office at 1999 Bryan Street, Suite 900, Dallas, Texas 75210. Shell Chemical LP is a subsidiary of Shell Oil Company.  Upon information and belief, Shell Oil Company has at least 82,000 employees.

8.      Shell transacted business in Texas by, among other things, employing persons at facilities located within Texas and within this judicial district.

**EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES**

9.      Plaintiffs, who have herein alleged claims pursuant to Title VII, have timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC").

10.      Plaintiffs have requested and received their Notice of Right to Sue letter from the EEOC prior to the filing of this Complaint. On or around July 20, 2020, Plaintiffs Diaz and Falcon received their Notice of Right to Sue letters. On or around October 8, 2020, Plaintiff Spriggs received his Notice of Right to Sue letter.

**STATEMENT OF FACTS**

**FACTS COMMON TO ALL PLAINTIFFS**

11.       Plaintiffs were all racial minorities that worked at Shell and experienced extensive discrimination, harassment, and retaliation during their time at Shell.

12.      All Plaintiffs were systematically excluded from promotional opportunities and denied career advancement within Shell that were provided to White employees.

**ORIGINAL COMPLAINT**

13.     All Plaintiffs were subjected to racially disparate disciplinary system where racial minorities were disciplined far more often for much less serious violations than White employees. These disciplinary actions were then used to justify further denials of career advancement.

14.     All Plaintiffs were supervised by Shawn Watts ("Mr. Watts"). Upon information and belief, Mr. Watts regularly used racially discriminatory and harassing language. For example, Mr. Watts referred to racial minority employees, including African-Americans, as "monkeys." Mr. Watts has additionally repeatedly denied training and advancement opportunities to Plaintiffs that have been given to less qualified White employees.

## FACTS SPECIFIC TO SERGIO DIAZ

15.     Plaintiff Diaz is a Hispanic man that has been employed as a Chemical Process Operator at the Shell Deer Park Refinery from July 2011 until the present.

16.     Throughout his employment with Shell, Plaintiff Diaz has been subjected to racial discrimination and a hostile work environment in the form of discriminatory treatment from his supervisors and co-workers. He has also been subjected to retaliation for complaints made about this harassment.

17.     As a Chemical Operator, Plaintiff Diaz has worked in an environment where White employees are constantly treated better and given more opportunities than racial minorities. Among all Chemical Operators, about half were White and about half were minorities. At the management level above Operators, more than 80% of the managers are White.

18.     Plaintiff Diaz's supervisor, Mr. Watts, has been central in driving the discrimination and hostile work environment in Plaintiff Diaz's department. Mr. Watts has repeatedly denied training and advancement opportunities to Plaintiff Diaz and other minority

employees that have been given to less qualified White employees. Mr. Watts routinely speaks disparagingly to minority employees.

19.     For example, Mr. Watts referred to minority employees, including African-American employees, as "monkeys" and frequently degraded and harassed them.  Other coworkers frequently call Mr. Diaz and other minority employees "stupid" and "piece[s] of shit."

20.     Plaintiff Diaz made multiple complaints to the refinery's human resources department and to Shell's corporate human resources department. Only one complaint was answered in any way. Plaintiff Diaz was told his complaint was deleted and that human resources is the improper venue for his complaints.

21.     Plaintiff Diaz was subjected to retaliation for these complaints.

22.     For example, Plaintiff Diaz has been subjected to unwarranted and false complaints in his employee file in retaliation for his complaints about discrimination and harassment he experienced and witnessed.

23.     Further, Plaintiff Diaz continued to be excluded from promotional opportunities in retaliation for his complaints to human resources.

24.     In or around April 2019, Plaintiff Diaz began suffering from severe anxiety and depression as a result of constant discrimination, harassment and retaliation.

25.     Throughout his time at Shell, Plaintiff Diaz has applied for at least four promotions or additional trainings. He has been denied every promotion. Upon information and belief, those promotions and additional trainings were given to less experienced White employees.

26.     Throughout his time at Shell, Plaintiff Diaz and other minority employees were frequently reprimanded with write ups for minor infractions while White employees went unpunished for more serious infractions.

**ORIGINAL COMPLAINT**

27.     Disciplinary actions are disproportionately enforced against minority employees, like Plaintiff Diaz, as compared to White employees. Minority employees received write-ups and are placed on probation more frequently, especially for minor infractions. These disciplinary records are then relied upon to exclude minority candidates from promotional opportunities and career advancement at Shell.

## FACTS SPECIFIC TO RUDY FALCON

28.     Plaintiff Falcon is a Hispanic man that has been an employee at Shell from July 2011 until the present. Plaintiff Falcon has been employed as a Chemical Operator at the Shell Deer Park

29.     Throughout his employment, Plaintiff Falcon was subjected to racial discrimination and a hostile work environment in the form of discriminatory treatment from his supervisors and co-workers.

30.     In or around January 2018, Plaintiff Falcon was involved in an accident on site while driving a company golf cart. Plaintiff Falcon was not injured, and the company cart was not damaged. Mr. Falcon was subjected to an investigation and eventually put on probation for nine months.

31.     Only a few months later, a White Shell employee was involved in a similar accident, but which resulted in damage to the company vehicle. Upon information and belief, no investigation or punishment was handed down to the White employee.

32.     Plaintiff Falcon was also supervised by Mr. Watts. Mr. Watts repeatedly denied training and advancement opportunities to Mr. Falcon and other minority employees.

33.     Throughout his time at Shell, Plaintiff Falcon applied for at least ten (10) promotions or additional trainings. He was denied every time. Upon information and belief, the

**ORIGINAL COMPLAINT**

promotions and additional trainings Plaintiff Falcon sought were given to less experienced White employees.

34.     In or around August 2018, Plaintiff Falcon used his Union representative to request a transfer out of this department at Shell. This lateral move to escape the discrimination and harassment he faced was granted.

## FACTS SPECIFIC TO TERRENCE SPRIGGS

35.     Plaintiff Spriggs is a Black man who was employed as an Operator at Shell from in or around March 2007 until his discriminatory discharge on or around June 21, 2019.

36.     Beginning in or around February 2018, Plaintiff Spriggs was subjected to racial discrimination, harassment, and retaliation – particularly in the form of differential discipline from Shell supervisors.

37.     Mr. Spriggs' supervisor was also Mr. Watts. Mr. Watts was repeatedly involved in differential discipline received by Plaintiff Spriggs and often talked to Plaintiff Spriggs in abusively disparaging ways.

38.     For example, in or around February of 2018, Mr. Watts pulled Mr. Spriggs aside to speak about a drawing Mr. Spriggs had done of a compressor. Mr. Watts used speech laced with profanity and spoke to Mr. Spriggs so aggressively that Mr. Spriggs was intimidated and experienced anxiety in settings where he knew he would have to speak with Mr. Watts.

39.     In or around April 2018, Mr. Spriggs called Shell to adjust his work schedule because he was taking medication for back pain and was unable to come in that morning. Mr. Spriggs was told it was too late to adjust his schedule, so he asked to use one of his sick days. Later that day, when Mr. Spriggs was feeling better, he attended a golf tournament sponsored by Shell. Mr. Watts gave Mr. Spriggs an 18-month probation for purportedly calling off work to attend the

**ORIGINAL COMPLAINT**

tournament. However, upon information and belief, a White employee who was friends with Mr. Watts called off work that same month in order to attend a Shell-sponsored bike ride and did not receive any discipline.

40.     In or around May 2018, Plaintiff Spriggs was drafted to work an extra day in addition to his regular schedule, but this conflicted with his daughter's graduation. Plaintiff Spriggs requested that he use a sick day for this event. Mr. Watts later met with Plaintiff Spriggs and used profanity, condescending language, and disrespectful gestures to chastise Plaintiff Spriggs for calling off work. Plaintiff Spriggs explained to Mr. Watts that Shell's policy is that you cannot be disciplined for calling off on overtime, but Mr. Watts still gave him a formal disciplinary counseling.

41.     In or around July 2018, Plaintiff Spriggs and other employees were required to do a qualification refresher test. Ordinarily, after completing the test, employees would sit down with the relevant specialist and discuss their answers. Plaintiff Spriggs completed this process but was then pulled aside by a White process specialist who required him to perform additional tasks. The process specialist was dissatisfied with Plaintiff Spriggs performance on these additional tasks, and disqualified Plaintiff Spriggs from working on that particular job, which had a negative impact on Mr. Spriggs' pay. In contrast, a White employee named Robert Choate ("Mr. Choate") told Plaintiff Spriggs that Mr. Choate knew very little of the tested information, did not even attempt the test, and expressed his lack of knowledge to the process specialist, but was allowed to remain qualified on the job.

42.     Plaintiff Spriggs has also heard racial jokes made in his workplace at Shell. For example, Craig Hensley, a White employee, once directed a Hispanic employee to go look for something "like you look for the taco truck."

**ORIGINAL COMPLAINT**

43.     Plaintiff Spriggs has repeatedly called the Shell helpline that employees are supposed to call in order to make complaints about discriminatory treatment. After he called the helpline twice, Plaintiff Spriggs had a meeting with a Human Resources representative. The representative asked why he had called the hotline and Plaintiff Spriggs stated that he would like to provide the details in writing. The representative said that was fine. Plaintiff Spriggs emailed the representative twice and left voicemails for the representative, but did not receive any response. He then contacted his direct Human Resources representative who told him that he needed to go through the direct chain of command and not the Shell helpline.

44.     On or around June 21, 2019, Plaintiff Spriggs was terminated for being late to work. The workday formally began at 5:30 a.m., and Plaintiff Spriggs arrived at 6:10 a.m. However, it was common practice for employees to arrive later than 5:30 a.m., so long as they arrived in time for the daily 6:30 a.m. meeting. Employees were just expected to make up their time at the end of the workday. Upon information and belief, White employees often arrived late and were not terminated.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Disparate Treatment Discrimination (Intentional Discrimination) on Account of Race)**

45.     Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

46.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Shell have engaged in the practice of discrimination with respect to the terms and conditions of Plaintiffs' employment.

47.     Due to Plaintiffs' race, Shell subjected Plaintiffs to discrimination and discriminatory denial of promotional opportunities for which they were qualified.

**ORIGINAL COMPLAINT**

48.     Plaintiffs' requests for relief are set forth below.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Hostile Work Environment)**

49.     Plaintiffs are members of a protected class and repeat and re-allege the allegations

contained in the paragraphs above, as if fully set forth herein.

50.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §§ 2000e *et seq.*, as Shell have engaged in racial harassment and has created,

maintained, and condoned a hostile work environment towards Plaintiffs.

51.     Plaintiffs' requests for relief are set forth below.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Retaliation)**

52.     Plaintiffs are members of a protected class and repeat and re-allege the allegations

contained in the paragraphs above, as if fully set forth herein.

53.     Plaintiffs lodged complaints with Shell regarding the discrimination and hostile

work environment to which they were subjected, and as such, engaged in protected activity under

Title VII.

54.     Shell retaliated against Plaintiffs by, among other things, taking unwarranted

disciplinary action against them, denying promotional opportunities, and refusal to address

complaints regarding discrimination.

55.     In the case of Plaintiff Spriggs, Plaintiff Spriggs was retaliated against through a

retaliatory, pretextual discharge.

56.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §§ 2000e *et seq.*

**ORIGINAL COMPLAINT**

57.     Plaintiffs requests for relief are set forth below.

**<u>AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF</u>**
**Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.***
**(Disparate Treatment Discrimination (Intentional Discrimination) on Account of Race)**

58.     Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

59.     The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.*, as Shell have engaged in the practice of discrimination with respect to the terms and conditions of Plaintiffs' employment.

60.     Due to Plaintiffs' race, Shell subjected Plaintiffs to discrimination and discriminatory denial of promotional opportunities for which they were qualified.

61.     Plaintiffs' requests for relief are set forth below.

**<u>AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF</u>**
**Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.***
**(Hostile Work Environment)**

62.     Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

63.     The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.*, as Shell have engaged in racial harassment and has created, maintained, and condoned a hostile work environment towards Plaintiffs.

64.     Plaintiffs' requests for relief are set forth below.

**<u>AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF</u>**
**Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.***
**(Retaliation)**

65.     Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

**ORIGINAL COMPLAINT**

66.     Plaintiffs lodged complaints with Shell regarding the discrimination and hostile work environment to which they were subjected, and as such, engaged in protected activity under Section 1981.

67.     Shell retaliated against Plaintiffs by, among other things, taking unwarranted disciplinary action against them, denying promotional opportunities, and refusal to address complaints regarding discrimination.

68.     In the case of Plaintiff Spriggs, Plaintiff Spriggs was retaliated against through a retaliatory, pretextual discharge.

69.     The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.*

70.     Plaintiffs requests for relief are set forth below.

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF**
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Disparate Treatment Discrimination (Intentional Discrimination) on Account of Race)**

71.     Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

72.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Shell have engaged in the practice of discrimination with respect to the terms and conditions of Plaintiffs' employment.

73.     Due to Plaintiffs' race, Shell subjected Plaintiffs to discrimination and discriminatory denial of promotional opportunities for which they were qualified.

74.     Plaintiffs' requests for relief are set forth below.

**AS AND FOR AN EIGHTH CAUSE OF ACTION FOR A VIOLATION OF**
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Hostile Work Environment)**

**ORIGINAL COMPLAINT**

75.     Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

76.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 et seq., as Shell have engaged in racial harassment and has created, maintained, and condoned a hostile work environment towards Plaintiffs.

77.     Plaintiffs' requests for relief are set forth below.

## AS AND FOR A NINTH CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* (Retaliation)

78.     Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

79.     Plaintiffs lodged complaints with Shell regarding the discrimination and hostile work environment to which they were subjected, and as such, engaged in protected activity under the TLC.

80.     Shell retaliated against Plaintiffs by, among other things, taking unwarranted disciplinary action against them, denying promotional opportunities, and refusal to address complaints regarding discrimination.

81.     In the case of Plaintiff Spriggs, Plaintiff Spriggs was retaliated against through a retaliatory, pretextual discharge.

82.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

83.     Plaintiffs' requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment against Shell as follows:

**ORIGINAL COMPLAINT**

A. A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 et seq.,

B. All damages which Plaintiffs have sustained as a result of Shell's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits she would have received but for Shell's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Shell's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiffs the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Shell until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Plaintiffs also seek injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Shell's employees;

I. Diversity training for all managers conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

K. Active monitoring of the work areas to ensure compliance with discrimination policies;

L. Monitoring by the Court or a federal agency to ensure that Shell comply with all injunctive relief; and

Plaintiffs further demand that they be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

**ORIGINAL COMPLAINT**

Dated: October 12, 2020

Respectfully submitted,

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas  78731
Telephone: (737) 808-2260
Facsimile:  (737) 808-2262

**ORIGINAL COMPLAINT**